*LAW OFFICE OF*

# PAUL CONDON, ESQ.
*33-41 Newark Street, Suite 4A*
*Hoboken, New Jersey 07030*

PAUL CONDON ◊ *  
KATHLEEN M. THEURER  
_____  
◊ *Certified by the New Jersey Supreme Court as a Criminal Trial Attorney*  
\* *Also admitted in NY*

*Phone  (201) 659-6133*  
*Fax    (201) 659-6607*  
_____  
*Email  paulcondon@optonline.net*

January 17, 2008

Honorable Robert P. Patterson, Jr., S.U.S.D.J.
United States District Court
United States Courthouse
Room 2550
500 Pearl Street
New York, New York 10007-1312

      RE:    **United States v. Srinivas Kasi**
              **Docket No.: S2 07 Cr. 348 (RPP)**

Dear Judge Patterson:

      Kindly accept this letter in lieu of a more formal submission in support of Defendant, Srinivas Kasi's application for an Order pursuant to Ferderal Rule of Criminal Procedure 33(a), granting the Defendant a New Trial. The Defendant bases this application on the government's rebuttal summation which impermissibly tainted and prejudiced the jury, thereby depriving the defendant of a fair trial.

## STATEMENT OF FACTS

      The defendant was tried before your Honor on a three count indictment alleging Conspiracy, Food Stamp Fraud and Theft of Government Money or Property. The trial commenced on January 2, 2008 and continued through January 9, 2008. After the close of evidence, summations and the charge to the jury, on January 9, 2008, the jury returned a unanimous verdict of guilty as to all the counts of the indictment.

The issue raised by the instant motion arises from the rebuttal summation of the government after the close of the evidence.[1] The central issue of the case was whether the defendant possessed sufficient knowledge of and participation in the criminal activities perpetrated by the co-defendants, Puttaramu and Bhat. With the exception of Puttaramu's testimony, there was no direct evidence that the defendant actually swiped a Food Stamp card or dispensed cash to customers. The defense argued and the evidence suggested that the only basis for culpability was a finding that defendant aided and abetted the co-defendants. The defense argued throughout the case, and in particular during summation, that the government had failed to prove that defendant possessed sufficient knowledge of the criminal activity to subject him to criminal responsibility.

After the defense closing, the government responded in rebuttal. The government claimed the bank records told the real story concerning the defendant's knowledge and culpability. (T724:1-2). After discussing the bank records, the government took occasion to single out one transaction out of the thousands admitted into evidence. First, the government projected the statement for a $46,000.00 wire transfer on the screen for the jury. Then, the government argued that this transfer suggested a consciousness of guilt on behalf of the defendant. The government stated:

> April 13th, the day after Puttaramu and Bhat are arrested, what does Mr. Kasi do? He wires $46,000 to his wife's account in India, having at least, according to the records that you have from Commerce Bank, Valley National bank and all the other bank accounts he controls, having never done anything like that before, although he sent money overseas. He sent $46,000 to India the day after his employees were arrested. What does that tell you about how nervous about Kasi is about whether he's next? (T729:24-730:7).

During this entire portion of the argument, the wire transfer statement was projected on the large screen to emphasize its importance to the jury's consideration of Mr. Kasi's guilty conscious.

After the completion of the government's rebuttal, defense counsel asked to be heard and objected to the conclusory argument offered by the government. The basis for the objection was the fact that there was never any proof, direct or circumstantial, that the defendant knew that Bhat or Puttaramu had been arrested. There was no evidence offered that the Defendant had any awareness that the Office of the Inspector General had executed any search warrant for the premises of the store. Alternatively, there was evidence offered by Inspector Higgins, that Mr. Kasi was implicated and arrested some time well after the arrests of Puttaramu and Bhat.

Parenthetically, a review of the Commerce Bank records (Exhibit 18, p.772) admitted into evidence indicates that Mr. Kasi had, in fact, made other wire transfers to his wife prior to April

---

[1] Transcript of Government's Rebuttal Summation attached hereto as Exhibit A and referred to "T".

13, 2007.  In fact, he had made a $5,000 wire transfer on April 11, 2007.

At sidebar, the defense argued that it was improper and prejudicial for the government to argue to the jury that there was any nefarious inference or consciousness of guilt to be drawn from the $46,000 transfer in the absence of any proof that the defendant knew that there had been any arrests or searches.  The Court agreed that the comment was unsupported by the evidence.  The Court then provided a limiting instruction to the jury.  There was no instruction to the jury in the final charge concerning the how to properly interpret or utilize this alleged evidence of consciousness of guilt.

Furthermore, as these statements occurred after the close of evidence, there was no opportunity for the Court to undertake any F.R.E. 403 analysis on the evidence offered.  Thus, the defense was wholly deprived of any opportunity to challenge the propriety of the government's comments.

## LEGAL ARGUMENT

It is well settled that a prosecutor's misstatements can provide the basis for the grant of a new trial.  United States v. Forlorma, 94 F3d 91 (2nd Cir. 1996).  The central consideration is whether the prosecutor's improper remarks "are so prejudicial that a new trial is required." United States v. Rodriguez, 968 F2d 130, 142 (2nd Cir.) cert. denied, 506 U.S. 847 (1992), United States v. Forlorma, supra at 93.

The analysis requires the Court to consider "(1) the severity of any misconduct, (2) the measures taken to cure the misstatements, and (3) their likely effect on the outcome." United States v. Forlorma, supra at 95; see also, United States v. Russo, 74 F3d 1383, 1396 (2nd Cir. 1996).

In Forlorma, the government improperly stated that clothing discovered in a suitcase containing narcotics, belonged to the defendant.  Thus, the government improperly argued to the jury that the clothing connected defendant to the narcotics.  Id. At 94.  The Circuit Court first concluded that the offending statements were severe, noting that they were "uttered not once but three times, and with great emphasis." United States v. Forlorma, supra at 95.  Second, the Court was unsure whether the trial court's instruction sufficiently dispelled the misperception caused by the offending argument.  Id.  Lastly, the Court found the misstatements went to the most important issue presented at the trial.  Id. at 96.  The Circuit Court vacated the guilty verdict and remanded for a new trial stating that in "considering all pertinent factors, we conclude that the prosecutor's unsupported arguments caused substantial prejudice to the defendant.  We can have no confidence that the verdict would have been the same without these errors." United States v. Forlorma, 94 F.3d at 96.

Similarly, in the matter before the Court, the unsupported arguments of the government prejudiced the defendant's trial and warrant the vacation of the verdict and a new trial. Herein, the argument of Kasi's consciousness of guilt in wiring $46,000 was not supported by the evidence admitted at trial. Nevertheless, the wire statement was enlarged and projected for emphasis. Then, the government urged the jury to seize on this one transaction as evidence of his knowledge of the criminal activity, i.e., that this wire ascribes culpable mental state to the defendant. Moreover, the fact that the wire was the last issue argued only enhanced the emphasis that the government sought to have the jury attribute to the transfer.

Second, the Court's limiting instruction did not ameliorate the prejudice that the statements caused. As these statements occurred during the rebuttal summation, the defense was deprived of an opportunity to challenge the comments beforehand. Likewise, the Court was also prevented from its obligation to conduct a <u>F.R.E.</u> 403 analysis of the evidence. Moreover, there was no discussion of this evidence or arguments related to this evidence during the charge conference held prior to the summations. Had the issue been raised, the defense, the Court and prosecution could have fashioned some appropriate charge to guide the jury's consideration of these comments. In the absence of any of these, the Court's instruction could not properly eliminate the prejudice to the defendant.

Lastly, the objectionable statements made by the government strike at the central issue in this case. Clearly, the defendant's knowledge of and participation in the criminal activity was the central issue raised. The suggestion by the government that defendant acted in a effort to conceal profits and with a consciousness of guilt immediately after the arrest of Puttaramu and Bhat goes directly toward defendant's knowledge. Thus, the impermissible statements had the clear capacity to taint the jury's disposition of Mr. Kasi's knowledge and intent. Nothing was more central or contested in this trial.

In summary, the government's misstatements, given tremendous emphasis during the closing prejudiced the defendant's trial. The prejudice was not allayed by the Court's limiting instruction. Furthermore, the prejudice claimed stuck directly at the contested issue of the trial proceedings.

## **CONCLUSION**

      Accordingly, as based upon the forgoing, the defendant respectfully submits that the verdict be vacated and the Motion for a New Trial be granted by this honorable Court.

Respectfully submitted,

/s/ Paul Condon

PAUL CONDON, ESQ.
Attorney for Defendant
Srinivas Kasi

cc:    Sharon Frase, A.U.S.A.