*LAW OFFICE OF*

# PAUL CONDON, ESQ.

*33-41 Newark Street, Suite 4A*
*Hoboken, New Jersey 07030*

PAUL CONDON ◊ *                                                         Phone   (201) 659-6133
KATHLEEN M. THEURER                                          Fax     (201) 659-6607
_____                             _____
◊ *Certified by the New Jersey Supreme*                     Email   paulcondon@optonline.net
*Court as a Criminal Trial Attorney*
* *Also admitted in NY*


March 11, 2008

Honorable Robert P. Patterson, Jr., S.U.S.D.J.
United States District Court
United States Courthouse
Room 2550
500 Pearl Street
New York, New York 10007-1312

      RE:    **United States v. Srinivas Kasi**
                **Docket No.: S2 07 Cr. 348 (RPP)**


Dear Judge Patterson:

      Kindly accept this letter in lieu of a more formal submission in reply to the government's response to Defendant's Motion for a New Trial, pursuant to Rule 33 of the Federal Rules of Criminal Procedure.

      The government opposes the within application on the grounds that the prosecutor's comments were neither improper nor prejudicial.  In point of fact, it is respectfully submitted that the comments were both. First, there was no evidence adduced on direct, cross, recross or redirect examination that Mr. Kasi was aware that Mr. Bhat and Mr. Puttaramu were arrested prior to the wire transfer of April 2007.  There was no evidence that Mr. Kasi was aware that a search warrant had been executed at the grocery store prior to April, 2007.  The government did not present a scintilla of testimony from Inspector Higgins that he or any member of law enforcement contacted Mr. Kasi when the arrests or search took place.  There was no testimony that Puttaramu or Bhat called Mr. Kasi after they were arrested.

      Nevertheless, the government argues that because Bhat was Mr. Kasi's nephew and

Puttaramu lived with Mr. Kasi, that the jury could infer that Mr. Kasi possessed some awareness that law enforcement had arrested the men. (G.B. 24). First, this conclusion is pure speculation. Second, this was never argued or suggested to the jury during the trial by the government. Neither basis can support the claim that Mr. Kasi wired $46,000.00 to India because he was nervous that he was next. (T729:24-730:7). Hence, there was no evidence, direct or circumstantial, to support the statements made by the government pertaining to the wire transfer. Accordingly, it was patently improper for the government to state that the wire transfer was motivated or in response to an impending arrest.

Further, the government concedes that the statements were not wholly accurate. As set forth in the government's brief, Mr. Kasi did make a number of other wires from his accounts to accounts of family in India. (G.B.24-25). Nonetheless, the government argued that "he had never done anything like that before". The documentary evidence presented to the jury demonstrated that Mr. Kasi had made several wires. Yet, not one other single wire was discussed at the trial. The government sought to distinguish this wire not simply for its size but particularly because of its timing. However, it was entirely improper to impute a nefarious motive in the absence of any proof Mr. Kasi acted with an awareness that he may be subject to scrutiny by law enforcement.

The comments in rebuttal clearly possessed the capacity to prejudice the defendant. See, United States v. Forlorma, 94 F.3d 91 (2nd Cir. 1996). The defendant's knowledge of and participation in the criminal activity was the central issue raised. The case was primarily circumstantial and clearly focused on willful blindness of Mr. Kasi to the criminal conduct. In point of fact, whether to charge the jury on willful blindness was a contested issue during the trial. Thus, the suggestion by the government that defendant wired the money in a effort to conceal profits and with a consciousness of guilt immediately after the arrest of Puttaramu and Bhat goes directly toward defendant's knowledge. The statements and lasting impression of the enlarged wire asked the jury to infer criminal culpability from the wire transfer. The impermissible statements had the clear capacity to taint the jury's disposition of Mr. Kasi's knowledge and intent. Nothing was more central or contested in this trial.

In light of the foregoing, the defense respectfully submits that the motion for a new trial be granted.


Respectfully submitted,

/s/ Paul Condon

PAUL CONDON, ESQ.
Attorney for Defendant
Srinivas Kasi

cc:    Sharon Frase, A.U.S.A.